WILLIAM WHITNEY *vs.* EDGAR K. WHITAKER & anotner.

The payee of a note released the maker upon the maker's assigning his property in trust for payment of his debts: The parties to the assignment afterwards agreed, by a sealed instrument, that the creditors should be paid fifty per cent. on their claims, in eighteen months ; that the debtor should not be sued or molested within that time ; and that if fifty per cent. should not be paid as aforesaid, the whole amount of the creditor's claims should be paid in full, " the release contained in said assignment to the contrary notwithstanding " *Held, that said note was not merged in the latter agreement, and that the payee might maintain an action thereon against the maker, on his failing to pay fifty per cent. within the stipulated time.*

ASSUMPSIT on a promissory note made by the defendants, dated January 30th, 1834, and payable to the plaintiff six months after date. Defence, that the note was merged in a higher security, viz. a covenant, contained in an indenture, which is described in the opinion given by the court. At the trial before *Wilde*, J. the only question submitted to the jury was, whether the defendants executed said indenture. The jury found that they did ; and it was agreed that judgment should be rendered for the plaintiff, if the court should be of opinion that the defendants are by law liable upon the note ; otherwise, that the plaintiff should become nonsuit.

*C. G. Loring & Betton*, for the plaintiff, cited *Norris* v *Aylett*, 2 Campb. 329. *Solly* v. *Forbes*, 2 Brod. & Bing. 38. *United States* v. *Lyman*, 1 Mason, 505. *Baits* v. *Peters*, 9 Wheat. 556. *Walton* v. *United States*, 9 Wheat. 651. *Bank of Columbia* v. *Patterson*, 7 Cranch, 299. *Twopenny* v *Young*, 3 Barn. & Cres. 208. *Day* v. *Leal*, 14 Johns. 404 *Hoyt* v. *Wilkinson*, 10 Pick. 31. *Lampon* v. *Corke*, 5 Barn & Ald. 606.

*Bartlett*, for the defendants, cited *Young* v. *Preston*, 4 Cranch, 239. 241.   Bac. Ab. Debt, G.   Obligations, A.

PUTNAM, J.   The action is upon a promissory note, and the defence is that the note has been merged in an instrument under seal.   The first instrument was an indenture between the defendants of the first part, Foster and Edwards of the second part, and creditors of the defendants, among whom was the plaintiff, of the third part, dated May 17th, 1834 ; by which the defendants assigned their property, in trust, to the party of the second part, and the creditors released their demands against the defendants, in consideration of their assignment, declaring that the goods, effects, and merchandise thereby assigned, should be in full payment, satisfaction and discharge of the debts due from the defendants to the subscribing creditors.

If the case stopped here, the note would be discharged.   But it does not.   It is proved that another agreement, under the seals of the parties, was made by them, bearing date July 10th, 1834, reciting the substance of the indenture of May 17th, and stipulating that the subscribing creditors should be paid, from the trust fund arising from the assignment *or otherwise*, fifty per cent. on the amount of their claims, within eighteen months from the date ; on failure of which, the release contained in said assignment should be utterly null and void as to such one or more of the parties of the second part thereof, to whom such default, or failure to make such payment, should be made : and the defendants covenanted to pay each of the parties, who should fail to receive fifty per cent. as aforesaid, the whole amount of all his claims, with interest, " the release contained in said assignment to the contrary notwithstanding."

It is admitted that the plaintiff has not been paid any part of the said fifty per cent.; and the question is, whether he must be restricted to an action upon the covenant in the second indenture, or may recover upon the note.

On the part of the defendants, it has been contended that the note was merged in the covenant.   On the other hand, the plaintiff contends that the agreement was conditional, and not having been performed, it became void by its own terms, so that

the remedy may be upon the note : And we all think that this is the fair meaning of the agreement. The creditors severally covenanted not to sue the defendants within eighteen months. But such covenant was collateral to the note ; and if the note had been sued within the eighteen months, the remedy for the defendants would have been upon the covenant ; but the note itself would not have been affected. 2 Saund. 48, *note.* *Perkins* v. *Gilman,* 8 Pick. 229. The covenant was not a substitution for the note. The original claim upon the note was recognized, and was to be fully paid, if the condition aforementioned should not be performed.

Nor is there any liability to a double payment. For if the plaintiff should have recovered judgment and obtained satisfaction upon the collateral security, the principal debt due upon the note would be discharged : So if a judgment and satisfaction should be had upon the principal debt, the collateral security would be discharged. Whatever should have been paid would be deducted, whether the suit were on the note or on the covenant.

We all think that these are the conclusions of the law applicable to the case, and therefore decide that the defendants must be defaulted, and that judgment shall be given for the plaintiff upon the note.